Filed 2/29/16 (Opinion modified and certified for publication 3/30/16.  Modified opinion below.)

**CERTIFIED FOR PUBLICATION**

IN THE APPELLATE DIVISION OF THE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| THE PEOPLE, | CASE NO. 30-2014-00752821 |
|    Plaintiff and Respondent, | (Super. Ct. No. 12NM00343) |
|      v. | OPINION |
| GANESH SUBRAMANYAN, | |
|    Defendant and Respondent, | |
| CRAIG ODEN, | |
|    Real Party in Interest and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, North Justice Center, James H. Poole, Judge.  Dismissed.

*         *         *

Victim and Appellant Craig Oden appeals the trial court's order denying him further restitution.  On appeal, Oden argues that the trial court erred by denying him restitution for the attorney's fees he paid his civil lawyer.  As explained below, Oden, as a crime victim, lacks standing to bring this appeal on his own.  For this reason, we dismiss the appeal.

1

## Factual and Procedural Background

On January 11, 2012, the District Attorney on behalf of Plaintiff, the People, filed a complaint against Defendant and Respondent Ganesh Subramanyan alleging that he was driving under the influence of alcohol with a blood alcohol concentration of .20 percent or more and caused a collision resulting in bodily injury to Oden. (Veh. Code, §§ 23153, subds. (a), (b), 23538, subd. (b)(2).) Subramanyan pled not guilty. On August 23, 2012, the People amended the complaint to add counts 3 and 4 for driving under the influence of alcohol and driving with a blood alcohol concentration of .08 percent or more (Veh. Code, § 23152, subds. (a), (b)), and dismissed counts 1 and 2. Subramanyan then pled guilty to the newly added charges. The trial court sentenced Subramanyan to three years of informal probation, payment of a fine of $390 (with a $50 credit for time served), service of time in jail (stayed pending completion of community service and CALTRANS), and payment of restitution on all counts, including the dismissed ones, as determined by Victim Witness. The trial court awarded Oden restitution of $12,800 at sentencing for lost wages between the date of the collision and sentencing.

On September 26, 2014, the trial court heard Oden's motion for additional restitution. Oden was seeking an additional $109,803.84, to pay for Oden's attorney's fees incurred in Oden's civil action against Subramanyan. The amount sought was in addition to the $12,800 restitution Oden had already received. After a hearing and the admission of multiple exhibits, the trial court denied the motion. On October 22, 2014, Oden timely filed his notice of appeal.

## Oden Does Not Have Standing to Appeal

Defendant argues that Oden does not have standing to appeal because Oden appealed the order through his private counsel and the People are not a party to the appeal. Oden cites to California Constitution, Article I, section 28(b)(13) as authority for his standing to bring this appeal.

2

We are not aware of any case authority that specifically indicates whether the People are required to be a party to the appeal of a restitution order. There are, however, two cases discussing whether the People must be a party and make an appearance in a restitution hearing in the trial court. The first case is *People v. Dehle* (2008) 166 Cal.App.4th 1380. In *Dehle*, the defendant was convicted of vehicular manslaughter and ordered to make restitution to the decedent's surviving spouse. (*Id.* at p. 1383.) The prosecutor requested that the trial court allow counsel for the victim to conduct the restitution hearing on her behalf. (*Id.* at p. 1385.) The defendant objected. (*Ibid.*) When the restitution hearing took place, neither the district attorney nor his deputies appeared; only the victim's attorney did. (*Ibid.*) Over the defendant's objection the hearing went forward, concluding with a restitution award of approximately $920,000, less amounts paid in settlement of a civil lawsuit. (*Id.* at pp. 1385-1386.)

The defendant appealed arguing, among other things, that the restitution order was void because it was prosecuted by the victim's private counsel rather than the district attorney's office. The Third District Court of Appeal agreed. (*Dehle, supra*, 166 Cal.App.4th at p. 1386.) The *Dehle* court noted that private prosecutions are not allowed in California, and the role of the district attorney is to exercise prosecutorial discretion and act on behalf of the public at large. (*Id.* at pp. 1387-1388.) The *Dehle* court indicated that the People are required to be a part of a restitution hearing so that they may be heard on issues that affect "a fair and just result on the question of victim restitution." (*Id*. at pp. 1388-1389.) Further, "[t]he goals of a restitution hearing" are different from those of a civil action and "are matters that the People expect will be achieved in a fair and just manner which can only be accomplished with the participation of the district attorney acting in accordance with his responsibilities to the criminal justice system." (*Id.* at p. 1389.)

Shortly after *Dehle* was decided, the electorate passed Proposition 9, the Victims' Bill of Rights Act of 2008 (hereafter referred to as Marsy's Law), which added to the California Constitution a number of rights which may be exercised by crime victims, including the right to recover restitution from convicted criminals. (See Cal. Const., Art.

3

I, § 28(b)(13).) It further provided that "A victim, the retained attorney of a victim, a lawful representative of the victim, *or* the prosecuting attorney upon request of the victim, may enforce the rights enumerated in subdivision (b) in any trial or appellate court with jurisdiction over the case as a matter of right." (Cal. Const., Art. I, § 28(c)(1) [italics added].)

The Third District Court of Appeal considered another appeal of a restitution order after Marsy's Law was passed, *People v. Smith* (2011) 198 Cal.App.4th 415. In *Smith*, the victim's attorney filed a memorandum in support of restitution. (*Id.* at pp. 431-432.) At the hearing, attorneys for the victim and defendant argued to the trial court; a deputy district attorney was in attendance, but did not participate in the presentation of evidence. (*Id.* at p. 432.) The deputy district attorney advised the trial court that the People's interests were consistent with those of the victim. (*Id.* at p. 437.) Further, upon questioning by the trial court, the People agreed it was their desire for the victim's attorney to "assist in the presentation at the restitution hearing." (*Ibid.*) The defendant objected to the participation by the victim's attorney, but the trial court overruled the objection because the prosecutor was present at the hearing, distinguishing *Dehle*. (*Id.*, at p. 432.)

On appeal, the defendant, relying on *Dehle*, contended the restitution hearing was invalid because the victim's attorney conducted the hearing even though a deputy district attorney was present but did not participate. (*Id.* at pp. 437-438.) The Court of Appeal asked the parties to explain how the passage of Marsy's Law affected the validity of the restitution hearing. (*Id.* at p. 438.) The *Smith* court concluded that the trial court did not err because, unlike *Dehle*, the prosecutor was present and represented the People's interests at the restitution hearing. (*Id.* at p. 438.) The *Smith* court further decided that Marsy's Law provided that the victim's counsel could appear and present evidence at the restitution hearing. (*Ibid.*) The court stated, "We need not reach the question characterized by defendant because, although Doe's attorney presented the evidence and was allowed to argue at defendant's restitution hearing, the prosecutor was also present, representing the People's interests." (*Id.* at p. 439.)

4

In this appeal, the court docket reflects that the People are not a party to this appeal and they have not made any appearance. The People were not served with the notice of appeal, although they were served with Oden's opening brief. The People have not filed any briefs and did not appear at oral argument. The People have not expressed any opinion on the appeal. Thus, we must determine whether *Dehle* remains applicable and its holdings survive the enactment of Marsy's Law.

"In interpreting a voter initiative, including one amending the state Constitution, we apply the same principles governing statutory construction. 'We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]' [Citation.] Our job is to ascertain and declare what is in terms or in substance contained in the provision, not to insert what has been omitted or omit what has been inserted. [Citation.] We adopt a construction 'that will effectuate the voters' intent, giv[ing] meaning to each word and phrase, and avoid absurd results. [Citations.]' [Citation.]" (*Santos v. Brown* (2015) 238 Cal.App.4th 398, 409.)

As written, Marsy's Law indicates that a victim, his or her attorney or representative, or the district attorney "may enforce the rights enumerated in subdivision (b) . . . ." and that these rights "are personally enforceable by victims . . . ." (Cal. Const., Art. I, § 28 (c)(1), (f).) The rights Marsy's Law created with respect to restitution are (1) "the right to seek and secure restitution . . . ," (2) to an order of restitution "in every case . . . in which a crime victim suffers a loss," and (3) first priority of payment to the victim when the defendant receives money or property. (Cal. Const., Art. I, § 28(b), subd. (13).) Although Marsy's law permits a victim to enforce these rights personally, nothing in Marsy's law undermines *Dehle*'s requirement that the prosecutor be present to represent

5

the interests of the People before the court when the court determines the amount of restitution.

More importantly, Marsy's Law does not permit a victim to stand in the role of the prosecutor and initiate a criminal prosecution or criminal appeal. The instant appeal draws a stark distinction between two important, yet vastly different interpretations of the constitutional amendment. Oden advocates for an interpretation that an appeal can be initiated by a victim or victim's attorney. In contrast, Subramanyan contends that the victim may participate in an appeal, but only if the appeal has been initiated by the People or the defendant. For the reasons explained below, we adopt the latter interpretation.

There is no provision in Marsy's Law that specifically permits a victim to appeal a restitution order. The Penal Code specifically directs that appeals are limited to the People or the defendant. (Pen. Code, § 1466.) Penal Code section 1202.4 does not authorize an appeal by the victim after a restitution hearing.

Nothing in the legislative intent or the amendment itself allows the victim to substitute in and replace the role of the prosecutor. " 'In California, all criminal prosecutions are conducted in the name of the People of the State of California and by their authority. (Gov. Code, § 100, subd. (b).) California law does not authorize private prosecutions. Instead, "[t]he prosecution of criminal offenses on behalf of the People is the sole responsibility of the public prosecutor . . . . [¶][who] ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek. [Citation.] No private citizen, however personally aggrieved, may institute criminal proceedings independently [citation], and the prosecutor's own discretion is not subject to judicial control at the behest of persons other than the accused." [Citation.]'

" 'The district attorney of each county is the public prosecutor, vested with the power to conduct on behalf of the People all prosecutions for public offenses within the county. [Citations.] . . . . [¶] . . . . [¶] . . . . "The prosecutor speaks not solely for the victim, or the police, or those who support them, but for all the People. That body of

6

'The People' includes the defendant and his family and those who care about him. It also includes the vast majority of citizens who know nothing about a particular case, but who give over to the prosecutor the authority to seek a just result in their name." [Citation.] Thus the district attorney is expected to exercise his or her discretionary functions in the interests of the People at large, and not under the influence or control of an interested individual. [Citation.]' " (*Dehle, supra*, 166 Cal.App.4th at 1387-1388.)

Nothing in Marsy's Law established a private vehicle for victims to initiate criminal proceedings. "The prosecution of criminal offenses on behalf of the People is the sole responsibility of the public prosecutor. (Gov. Code, §§ 26500, 26501; see Cal. Const., art. V, § 13.)" (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 451.) By the same reasoning, once the judgment was entered at the trial court, only the prosecutor, acting on behalf of the People, or the defendant could initiate the appeal. If such an appeal were initiated the victim could then participate pursuant to Marsy's Law. Similar to the situation in *Dehle*, the prosecutor's absence from this appeal is inconsistent with the prosecutor's obligation "to exercise his or her discretionary functions in the interest of the People at large, and not under the influence or control of an interested individual. [Citation.]" (*Dehle, supra*, 166 Cal.App.4th at p. 1388.)

Because the District Attorney did not file this appeal and has not appeared in this appeal, this appeal must be dismissed for lack of standing.

<u>Disposition</u>

The appeal is dismissed.

| Ronald Bauer | Walter Schwarm | Richard Lee |
| Presiding Judge | Judge | Judge |

7

Trial Court:  Orange County Superior Court

Trial Judge:  Hon. James H. Poole

Counsel:

Scolinos, Sheldon & Nevell, Todd F. Nevell, for Real Party in Interest and Appellant

The Law Office of Brian Gurwitz, Brian N. Gurwitz, for Defendant and Respondent

No appearance for Plaintiff and Respondent